**FILED**

APR 19 2016

DAVID CREWS, CLERK
BY_____
 Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.     CRIMINAL NO. 1:16CR 038

JERRY ZAMORA, a/k/a "Gerardo Lima", a/k/a "Chapparro"
RUDY FLORES, a/k/a "Diablo"
RICARDO AGUILAR-GONZALEZ, a/k/a "Ritchie"
MANUEL SANDIAGO, a/k/a "Manny"
DAVID ESPIRICUETA, a/k/a "David Lopez"
HECTOR JIMINEZ
RAUL CRUZ
ABIGAIL LIMA, a/k/a "Avi"
THOMAS SCRUGGS, a/k/a "Tommy"
JUDY HARMON

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Beginning at a time unknown to the Grand Jury, but from on or about January 2015, to on or about April 2016, in the Northern District of Mississippi and elsewhere, the defendants:

JERRY ZAMORA, a/k/a "Gerardo Lima", a/k/a "Chapparro"
RUDY FLORES, a/k/a "Diablo"
RICARDO AGUILAR-GONZALEZ, a/k/a "Ritchie"
MANUEL SANDIAGO, a/k/a "Manny"
DAVID ESPIRICUETA, a/k/a "David Lopez"
HECTOR JIMINEZ
RAUL CRUZ
ABIGAIL LIMA, a/k/a "Avi"
THOMAS SCRUGGS, a/k/a "Tommy"
JUDY HARMON

did unlawfully, knowingly and intentionally conspire and agree with each other and with other persons both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846.

### Quantity of Methamphetamine Involved in the Conspiracy

With respect to **JERRY ZAMORA, a/k/a "Gerardo Lima", a/k/a "Chapparro,"** the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers (methamphetamine), in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **RUDY FLORES, a/k/a "Diablo"**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers (methamphetamine), in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to the remaining defendants:

**RICARDO AGUILAR-GONZALEZ, a/k/a "Ritchie"**
**MANUEL SANDIAGO, a/k/a "Manny"**
**DAVID ESPIRICUETA, a/k/a "David Lopez"**
**HECTOR JIMINEZ**
**RAUL CRUZ**
**ABIGAIL LIMA, a/k/a "Avi"**
**THOMAS SCRUGGS, a/k/a "Tommy"**
**JUDY HARMON**

the amount involved in the conspiracy attributable to each as a result of his/her own conduct, and the conduct of other conspirators reasonably foreseeable to him/her is such that each defendant is in violation of possessing with intent to distribute and distributing a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (b)(1)(C).

## MANNER, MEANS AND OBJECTS
## OF THE CONSPIRACY

The following paragraphs identify some of the objects of this criminal conspiracy, which were accomplished by the following means, among others, and in the following manner:

1. As part of the conspiracy, co-conspirators played different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The co-conspirators made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

2. It was further part of the conspiracy that co-conspirators would correspond with each other and with other methamphetamine traffickers in Tennessee and California, among other places, to arrange for the shipment of large quantities of methamphetamine into the Northern District of Mississippi, and elsewhere, in order for said methamphetamine to be distributed in the Northern District of Mississippi, and elsewhere.

3. It was further part of the conspiracy that co-conspirators transported and distributed methamphetamine to buyers in the Northern District of Mississippi, and elsewhere.

4. It was further part of the conspiracy that methamphetamine was prepared, packaged, and/or stored, prior to distribution, in premises controlled and maintained by co-

conspirators known as "stash houses." Co-conspirators used these "stash houses" to attempt to avoid detection by law enforcement authorities.

5. It was further part of the conspiracy that co-conspirators counted, stored, and transported United States currency derived from the illegal sale and distribution of methamphetamine.

6. It was further part of the conspiracy that co-conspirators used telephones, including cellular telephones, to facilitate their illegal narcotics business; that is by making telephone calls and text messages to communicate with each other, with suppliers and customers.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about December 16, 2015, in the Northern District of Mississippi, **RUDY FLORES, a/k/a "Diablo"** did knowingly and intentionally possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT THREE

On or about January 8, 2016, in the Northern District of Mississippi, **RUDY FLORES, a/k/a "Diablo", and MANUEL SANDIAGO, a/k/a "Manny"**, defendants, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT FOUR

On or about February 22, 2016, in the Northern District of Mississippi, **RUDY FLORES, a/k/a "Diablo", and MANUEL SANDIAGO, a/k/a "Manny"**, defendants, aided

and abetted by each other, did knowingly and intentionally possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a) and (b)(1)(C).

### COUNT FIVE

On or about March 14, 2016, in the Northern District of Mississippi, **RUDY FLORES, a/k/a "Diablo", and MANUEL SANDIAGO, a/k/a "Manny", and DAVID ESPIRICUETA, a/k/a "David Lopez"**, defendants, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a) and (b)(1)(C).

### COUNT SIX

On or about March 24, 2016, in the Northern District of Mississippi, **RUDY FLORES, a/k/a "Diablo", and DAVID ESPIRICUETA, a/k/a "David Lopez"**, defendants, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute and distribute methamphetamine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a) and (b)(1)(C).

### COUNT SEVEN

On or about February 17, 2015, in the Northern District of Mississippi, **HECTOR JIMINEZ**, defendant, then being an alien illegally and unlawfully in the United States, knowingly possessed a firearm in and affecting interstate commerce, namely a Smith & Wesson, Model 22A, .22 Caliber, Semi-Automatic Pistol, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2).

## COUNT EIGHT

Beginning at a time unknown to the Grand Jury, but from on or about January 2015, to on or about April 2016, in the Northern District of Mississippi and elsewhere, the defendants, **RUDY FLORES, a/k/a "Diablo" and HECTOR JIMENEZ**, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to use, carry, brandish, and discharge firearms, during and in relation to a drug-trafficking crime, to wit: conspiracy to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as charged in Count 1, in violation of Title 18, United States Code, Section 924(c); all in violation of Title 18, United States Code, Section 924(o).

## COUNT NINE

On or about January 27, 2016, in the Northern District of Mississippi, **RUDY FLORES, a/k/a "Diablo" and HECTOR JIMINEZ**, defendants, aided and abetted by each other, did knowingly and intentionally use, carry, brandish, and discharge firearms, during and in relation to a drug trafficking crime, to wit: conspiracy to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as charged in Count 1, in violation of Title 18, United States Code, Section 2 and Title 18, United States Code, Section 924(c).

### Forfeiture Provision

This indictment charges the defendants:

**JERRY ZAMORA, a/k/a "Gerardo Lima", a/k/a "Chapparro"**
**RUDY FLORES, a/k/a "Diablo"**
**RICARDO AGUILAR-GONZALEZ, a/k/a "Ritchie"**
**MANUEL SANDIAGO, a/k/a "Manny"**
**DAVID ESPIRICUETA, a/k/a "David Lopez"**

HECTOR JIMINEZ
RAUL CRUZ
ABIGAIL LIMA, a/k/a "Avi"
THOMAS SCRUGGS, a/k/a "Tommy"
JUDY HARMON

with a violation of Title 21, United States Code, Section 841(a)(1). Pursuant to Title 21, United States Code, Section 853, upon conviction of any said violations of the law, defendant(s) shall forfeit to the United States (1) any property obtained, directly or indirectly, as the result of such violation(s), and (2) any of his property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

Further, if any of the property described as being subject to forfeiture, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of this Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant.

A TRUE BILL

*Felicia C. Adams*
UNITED STATES ATTORNEY

/s/ Signature Redacted
FOREPERSON

7